AO 91 (5/85) Criminal Complaint

United States District Court

FILED

SOUTHERN DISTRICT OF OHIO

06 DEC 19 AM 11:13

SHARON L. OVINGTON
UNITED STATES
MAGISTRATE JUDGE

UNITED STATES OF AMERICA
V.

DUSTIN G. SMITH

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 3:06mj0286

SHARON L. OVINGTON

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about December 8, 2006 in Miami county, in the Southern District of Ohio defendant(s) did, (Track Statutory Language of Offense)

SEE ATTACHMENT A

in violation of Title 18/21 United States Code, Section(s) 924(c)(1)(A)/841(a)(1)

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

SEE ATTACHMENT B

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Bradley A. Barnett
Signature of Complainant

Sworn to before me and subscribed in my presence,

12-19-06 at Dayton, Ohio
Date City and State

SHARON L. OVINGTON
U.S. Magistrate Judge
Name & Title of Judicial Officer

Sharon L. Ovington
Signature of Judicial Officer

WTS 12/19/06

# ATTACHMENT A

## COUNT 1
**(Distribution of a Controlled Substance)**

On or about December 8, 2006, in the Southern District of Ohio, the defendant, **DUSTIN G. SMITH**, did knowingly and intentionally possess with intent to distribute in excess of 100 grams of heroin, a Schedule I controlled substance.

In violation of 21 U.S.C. §§ 841 (a) (1) and (b)(1)(B)(i).

## COUNT 2
**(Distribution of a Controlled Substance)**

On or about December 8, 2006, in the Southern District of Ohio, the defendant, **DUSTIN G. SMITH**, did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841 (a) (1) and (b)(1)(C).

## COUNT 3
**(Distribution of a Controlled Substance)**

On or about December 8, 2006, in the Southern District of Ohio, the defendant, **DUSTIN G. SMITH**, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance.

In violation of 21 U.S.C. §§ 841 (a) (1) and (b)(1)(D).

**COUNT 4**
**(Possession of a Firearm in Furtherance of a Drug Offense)**

On or about December 8, 2006, in the Southern district of Ohio, the defendant, **DUSTIN G. SMITH**, in furtherance of a drug trafficking crime for which **DUSTIN G. SMITH** may be prosecuted in a court of the United States, to wit: Possession with Intent to Distribute a Controlled substance in violation of 21 U.S.C. § 841 (a) (1), did possess a firearm, to wit: a fully loaded .357 caliber, Dan Wesson Revolver, serial number SDO19687.

In violation of 18 U.S.C. § 924 (c) (1)(A).

# ATTACHMENT B
# AFFIDAVIT

Bradley A. Barnett is a Task Force Officer for the Drug Enforcement Administration (DEA), United States Department of Justice, hereinafter referred to as the Affiant, being duly sworn, and deposes as follows:

## INTRODUCTION

Your Affiant is a Task Force Officer for the United States Drug Enforcement Administration (DEA) within the meaning of Title 21, United States Code, Section 878. That is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 878. The information contained in this Affidavit is either personally known by your Affiant or relayed to your Affiant by other Law Enforcement officers involved in this investigation.

Your Affiant is a law enforcement officer and has been employed as such for the past 15 years. Since December 2003 your Affiant has been assigned to the Drug Enforcement Administration at the Dayton Resident Office. Since 1990, your Affiant has been employed as a Police Officer with the City of Dayton, Ohio. Since 1996, your Affiant has been dedicated solely to the investigation of narcotics offenses. Your Affiant has been involved in narcotics-related arrests, executed search warrants that resulted in the seizure of narcotics, participated in undercover narcotics purchases, and supervised the activities of informants who have provided information and assistance resulting in narcotics purchases. Through training and experience, your Affiant is familiar with the manner in which persons involved in the illicit distribution of controlled substances often operate. These people usually attempt to conceal their identities, as well as the locations at which they reside and where they store controlled substances and the illegal proceeds derived there from. Through training and experience, Affiant is familiar with the practices of narcotics distributors, where they attempt to conceal the true nature, source and location of proceeds of illegal activity, commonly referred to as money laundering.

Your Affiant is participating in an investigation conducted by Agents of the DEA and Officers of the Ohio State Patrol. This investigation involves a **DUSTIN G. SMITH** who was found to be in Possession of Cocaine, Heroin and Marijuana. Cocaine is a Schedule II Controlled Substance, Heroin and Marijuana both are a Schedule I Controlled Substances.

## FACTS

1 On December 8, 2006 at approximately 8:59PM, **DUSTIN G. SMITH** was arrested by Ohio State Trooper, James M. Davis for Failure to Control, Operating a Motor Vehicle Under the Influence, and Operating a Motor Vehicle Refusal. The initial traffic stop occurred at I75 Northbound, in Miami County, Ohio near mile post 81. **SMITH** was driving a 1990 Chevrolet Corvette bearing Ohio Temporary License Number M211140.

2 Per Policies and Procedures of the Ohio State Patrol, a Search Incident to Arrest Inventory of the 1990 Chevrolet Corvette owned/driven by **DUSTIN G. SMITH** was conducted. At approximately 10:26 PM, while conducting a search of the Corvette, Trooper Davis recovered a white plastic bag from the glove box containing $28,980.00 in U.S. Currency.

3 Trooper Davis continued to search the Corvette and recovered a green plastic bag from behind the right front passenger seat of the vehicle. Within the green bag were three Ziploc baggies full of a brown powdery substance with a vinegar smell to it. Trooper Davis believed the brown powder to be heroin and subsequently notified Sgt. J.S. Carrico. Trooper Davis was instructed to secure the vehicle and have it towed to the Ohio State Patrol Piqua Post and continue the search in a more safe and secured environment.

4 Day and Knight Tow Company dispatched a wrecker to the scene and the Corvette was towed to the State Patrol Piqua Post followed by Trooper Davis. At that point, Trooper Davis completed a search of the vehicle assisted by Ohio State Patrol Trooper V.D. Witcher.

5 Troopers discovered a blue security type lock box from behind the driver seat of the Corvette. Sgt. M. Gooding pried open the box and observed a large ziploc bag containing several smaller baggies containing suspected Marijuana and a baggie containing several smaller baggies containing suspected cocaine.

6 Sgt. Carrico conducted field tests on the suspected Marijuana, Cocaine and Heroin using respective reagents with positive results. Trooper Davis weighed the suspected cocaine and discovered it to have an approximate weight of 144 grams, the Heroin weighed approximately 590 grams and the Marijuana weighed approximately 346 grams.

7 On 12-13-2006, at approximately 9:00 AM, Sgt. Reed of the Ohio State Patrol discovered a black box from inside the Corvette, which was still in a secure environment. Sgt. Reed observed inside the box numerous keys and key chains. One key chain was found to have a stainless cylinder which unscrewed and contained approximately 18 ½ unknown pills.

8 On 12-13-2006, at approximately 3:30 PM, Trooper Holsher entered the Corvette in order to remove it from the Ohio State Patrol Post 55 garage and place the Corvette into the District 5 Impound Lot. Once inside the Corvette, Trooper Holsher noticed what appeared to be a natural cavity along the driver's side floor/rocker panel area. Trooper

Holsher noticed the cover for the cavity was oddly colored in comparison to the surrounding carpet. Trooper Holsher was able to pull the cover up from the bottom which revealed a hidden firearm. Within the space was a .357 caliber, Dan Wesson Revolver loaded with (6) live rounds of ammunition.

9. On December 15, 2006, Sgt. Gooding contacted the Dayton DEA R/O and spoke with TFO Brad Barnett. Sgt. Gooding inquired on the possibility of charging **SMITH** in Federal Court due to **SMITH**'s prior criminal history and the amount of illegal drugs recovered. TFO Barnett agreed and contacted United States Attorney, William Schenck requesting permission to transfer this case to Federal Court for prosecution.

10. Based on the above stated information and my experience in the investigation of narcotics traffickers and other criminal cases, your Affiant believes there is probable cause to believe that **DUSTIN G. SMITH** is involved in a continuing effort to possess, process and distribute controlled substances in violation of Title 21 United States Code 841 and futher that there is probable cause to believe that **DUSTIN G. SMITH** did possess a firearm in furtherance of the aforesaid drug trafficking crime, in violation of Title 18, United States Code Section 924(c)(1)(A).

Further, your Affiant sayeth naught.

Bradley A. Barnett
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me on this 19th day of December 2006, personally appeared Bradley A. Barnett, who being first duly sworn, upon his oath, signed the above Affidavit.

Honorable Sharon L. Ovington
U.S. MAGISTRATE JUDGE